UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LUCKEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, et al.,<br><br>    Defendants. | Case No. 18-cv-06071-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO VACATE ORDER OF DISMISSAL AND REINSTATING ACTION**<br><br>Re: Dkt. No. 10 |

Pending before the Court is Plaintiffs' motion to vacate the Court's February 20, 2019 order adopting the Honorable Magistrate Judge Jacqueline S. Corley's Report and Recommendation dismissing the case without prejudice. Dkt. No. 10. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to vacate the order.

Plaintiffs, proceeding pro se, filed this complaint against the United States and the United States Department of the Navy on October 3, 2018. Dkt. No. 1. Despite multiple notices from the Court, Plaintiffs failed to file their consent or declination to proceed before a magistrate judge and failed to appear at the case management conference on January 3, 2019. Dkt. Nos. 3–5. On January 4, 2019, Judge Corley ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 6. Plaintiffs did not respond. Judge Corley issued a Report and Recommendation on February 4, 2019, recommending that the case be dismissed for failure to prosecute. Dkt. No. 7. No objections were filed. The Court adopted the Report and Recommendation, dismissing the case without prejudice. Dkt. No. 9 ("February 20 Order").

A month after the Court dismissed the case, Plaintiffs made their first communication with the Court since commencement of this action by filing the present motion. Plaintiffs request that the Court vacate its February 20 Order under Federal Rule of Procedure 60(b). Dkt. No. 10.

Under Rule 60(b), the court may relieve a party "from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision of whether to grant relief under Rule 60(b) is discretionary. *Towery v. Ryan*, 673 F.3d 933, 940 (9th Cir. 2012).

Plaintiffs seek relief based on "mistake, inadvertence, surprise, or excusable neglect," claiming that the federal government shutdown in December 2018 through January 2019 caused confusion as to whether the case was moving forward. Mot. at 5–6. The Court is not convinced that this constitutes "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). The shutdown would not have affected Plaintiffs' ability to file their proof of service, nor would it have affected Plaintiffs' ability to comply with the Court's orders, some of which issued well after the shutdown ended. To date, Plaintiffs have not filed a proof of service, nor does it appear that Plaintiffs have properly served Defendants under Federal Rule of Civil Procedure 4.

The remaining four reasons under Rule 60(b) are inapplicable as well. Nonetheless, Plaintiffs now appear to be willing to litigate the case. Consistent with the public policy favoring disposition of cases on the merits, the Court believes that allowing Plaintiffs to move forward would be in the best interest of justice. Therefore, the Court **GRANTS** Plaintiffs' motion to vacate the February 20 Order dismissing the case. The clerk shall reopen the file.

//

//

//

//

The Court further **SETS** a case management conference for June 18, 2019 at 2:00 p.m. Plaintiffs are warned that failure to appear at the case management conference or to otherwise diligently litigate this case will result in dismissal. Plaintiffs also must be prepared to explain at the case management conference what steps they have taken to serve Defendants, given that no proof of service has been filed.

**IT IS SO ORDERED.**

Dated: 5/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge