UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LUCKEY, et al., <br>     Plaintiffs, <br> v. <br> UNITED STATES DEPARTMENT OF THE NAVY, et al., <br>     Defendants. | Case No. 18-cv-06071-HSG <br><br> **ORDER GRANTING MOTION TO STAY** <br><br> Re: Dkt. No. 23 |

Plaintiffs Derrick and Annette Luckey, proceeding pro se, filed this motion to stay pending the resolution of a legislative proposal that "will have a direct and immediate impact on this litigation" if enacted by Congress. Dkt. No. 23 ("Mot."). The government does not oppose the motion, as long as the stay is "entered for a reasonable period of time." Dkt. No. 26. Specifically, the government requests a limited stay of ninety (90) days. *Id*. The Court **GRANTS** Plaintiffs' motion and **STAYS** this action.

## I. BACKGROUND

Plaintiffs, executors of their daughter Danyelle A. Luckey's ("Ms. Luckey's") estate, filed this action against the United States and the United States Department of the Navy, alleging that Defendants' failure to treat Ms. Luckey proximately caused her death. Dkt. No. 1 ("Compl."). Ms. Luckey was a Personnel Assistant in the U.S. Navy and passed away onboard the *U.S.S. Ronald Reagan*. *Id*. ¶ 6–8. A threshold dispute in this case is whether the Supreme Court's holding in *Feres v. United States*, 340 U.S. 135 (1950), precludes Plaintiffs from bringing suit against the government. In *Feres*, the Supreme Court held that the government could not be liable "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to

service." 340 U.S. at 146. Plaintiffs argue that *Feres* does not apply because Ms. Luckey was ill when she first came aboard the *U.S.S. Reagan* and passed away due to the medical staff's alleged failure to treat her, such that her case does not "involve 'injuries or death sustained in activities incident to military service.'" Compl. ¶ 18. Defendants argue that *Feres* applies and bars this action. Dkt. No. 27 ¶ 1 (Defendants' Answer).

On April 30, 2019, several House representatives introduced H.R. 2422, the Sergeant First Class Richard Stayskal Military Medical Accountability Act of 2019, which if passed would overturn *Feres* and allow military servicemembers to sue the government for instances of medical malpractice. H.R. 2422, 116th Cong. (2019). H.R. 2500, the National Defense Authorization Act for Fiscal Year 2020 ("NDAA 2020"), incorporates the proposed bill. H.R. 2500, 116th Cong. (2019). NDAA 2020 was introduced on May 2, 2019, and passed the House on July 12, 2019. 165 Cong. Rec. H5733–43, H5750–64. It is now currently before the Senate. *See id*.

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering whether to issue a stay, courts weigh: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Whether to stay an action is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

## III.  DISCUSSION

Plaintiffs request that this action be stayed for a period that is the shorter of (a) completion of the current 116th Congressional session, or (b) a determination as to H.R. 2422. Mot. at 2. Given the posture of NDAA 2020 and H.R. 2422 in the legislative process, the Court finds it

appropriate in its discretion to stay the case.

As to the first factor, the Court finds it unlikely that a stay would cause harm to either party. Defendants do not oppose the stay. Dkt. No. 26. With respect to the second factor, Plaintiffs would suffer potential hardship and inequity if required to proceed, given that Congress is considering a new law that, if passed, could provide Plaintiffs with a claim that may be barred under current law.[1] For this same reason, the third factor favors a stay: a central dispute before the Court is whether *Feres* applies, and passage of the NDAA 2020 would clarify (or even conclusively resolve) that question. Staying this case for a limited time to see whether the bill passes will preserve the judicial and party resources that otherwise would be spent litigating this issue in the meantime.

## IV. CONCLUSION

Until otherwise ordered, this case is **STAYED** pending Congress's passage or rejection of NDAA 2020. The parties are **DIRECTED** to submit a joint status report within five days of such passage or rejection. If passage or rejection does not occur within ninety (90) days, the parties are directed to submit a joint status report updating the Court on the status of the legislation.

**IT IS SO ORDERED.**

Dated: 8/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] At this stage, the Court cannot and does not reach any conclusions about how *Feres* might apply to Plaintiffs' claims, either now or if the proposed legislation passes. But it appears beyond dispute that if passed, the law might well change the applicable legal standard substantially.

3