UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LUCKEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-06071-HSG<br><br>**ORDER DISMISSING THE CASE WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 33, 34 |

Plaintiffs Derrick Luckey and Annette Luckey, proceeding pro se, filed this action against the United States and the United States Department of the Navy, based on facts arising from the death of their daughter, Danyelle A. Luckey. Dkt. No. 1 ("Compl."). Danyelle A. Luckey was a Personnel Assistant in the Navy who passed away onboard the *U.S.S. Ronald Reagan*, allegedly due to Defendants' failure to treat her. *Id*. ¶¶ 6–8.

Plaintiffs filed a motion to stay pending Congress's passage or rejection of the National Defense Authorization Act for Fiscal Year 2020 ("NDAA 2020"). Dkt. No. 23. The NDAA 2020 incorporated the Sergeant First Class Richard Stayskal Military Medical Accountability Act of 2019 ("Stayskal Legislation"), which if passed would allow military servicemembers to sue the government for instances of medical malpractice. The Court granted Plaintiffs' motion on August 28, 2019. Dkt. No. 28.

On January 9, 2020, the parties filed status reports informing the Court that Congress passed and signed NDAA 2020 into law. Dkt. Nos. 33, 34. In light of NDAA 2020's passage, Plaintiffs request that the Court voluntarily dismiss this action without prejudice, so that Plaintiffs can file an administrative claim with the Secretary of the Department of Defense for the alleged wrongful death of their daughter. Dkt. No. 33.

Defendants request that the case "simply be 'dismissed'" even though Plaintiffs request "dismissal 'without prejudice.'" Dkt. No. 34 at 2. According to Defendants, the Stayskal Legislation provides for a "strictly *administrative* claim that may be made to the relevant agency," and does not allow "any review of the administrative claim process by any court, or any appeal to any court." *Id*. Defendants thus assert that "the case at bar[ ] has been, and now still remains, within the subject matter jurisdiction bar of the *Feres* doctrine." *Id*. (citing *Feres v. United States*, 340 U.S. 135 (1950)). But consistent with its previous ruling, *see* Dkt. No. 28 at 3 n.1, the Court need not at this stage reach any conclusions about how *Feres* might eventually apply to Plaintiffs' claims if reasserted, including whether the Court "lacks subject matter jurisdiction over the case and action due to the continued application of *Feres*." *See* Dkt. No. 32 at 2. Defendants may raise this argument if and when Plaintiffs need to return to court to seek judicial relief.

Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: 1/13/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge